UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALYSSA LEMASTER, ) | |
| ) | CIVIL COMPLAINT |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CASE NO. 2:20-CV-5097 |
| LEXISNEXIS RISK DATA ) | |
| MANAGEMENT INC. f/k/a ) | |
| LEXISNEXIS RISK DATA ) | |
| RETRIEVAL SERVICES, LLC and ) | **JURY DEMAND** |
| RP ON-SITE LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT

Now comes ALYSSA LEMASTER ("Plaintiff") complaining as to the conduct of LEXISNEXIS RISK DATA MANAGEMENT INC. f/k/a LEXISNEXIS RISK DATA RETRIEVAL SERVICES, LLC ("LexisNexis") and RP ON-SITE LLC ("RP On-Site") (collectively, "Defendants") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Credit Reporting Act ("FCRA") under 15 U.S.C. § 1681 *et seq.*

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FCRA. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337 as the action arises under the laws of the United States.

[ 1 ]

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Southern District of Ohio and substantial portion of the events giving rise to the claims occurred within this District.

## PARTIES

4. Plaintiff is a natural person residing in the Southern District of Ohio.

5. LexisNexis is a third-party data analytics company that provides businesses with background information on consumers. *About Us*, LexisNexis (*last visited* July 21, 2020), https://risk.lexisnexis.com/about-us. (LexisNexis "provides customers with solutions and decision tools that combine public and industry specific content with advanced technology and analytics to assist them in evaluating and predicting risk and enhancing operational efficiency.").

6. LexisNexis is a Florida corporation, headquartered in Alpharetta, Georgia, that regularly collects consumer information and reports it in Ohio.

7. RP On-Site, LLC is a Delaware limited liability company with its principal place of business in California.

8. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. Prior to March 21, 2018 Plaintiff rented from landlord Shawheen Guive.

10. Upon information and belief, sometime prior to March 21, 2018, Shaween Guive failed to repair the subject rental property.

11. Subsequently, Plaintiff reported the failure to repair to Columbus City Code Enforcement.

12. After Plaintiff's complaint to Columbus City Code Enforcement, Shawheen Guive filed an eviction action in the Franklin County Municipal Court (Case No. 2018 CVG 010673) on March 21, 2018.

13. Plaintiff's counsel in Case No. 2018 CVG 010673 filed a motion to dismiss the case on the basis of retaliatory eviction in violation of R.C. 5321.02 on April 11, 2018.

14. The case was dismissed by the landlord's counsel on April 11, 2018.

15. The records for Franklin County Municipal Court Case No. 2018 CVG 010673 were sealed.

16. In or about December 2019, Plaintiff applied for an apartment at Southpark Apartments.

17. On information and reference, as part of the application process, Southpark Apartments ran a search on Plaintiff's background history through On-site.com and generated a report using software provided for by RP On-Site LLC.

18. As a result of this search, RP On-Site produced a Rental Report ("the report") to Southpark Apartments.

19. The report stated that Plaintiff was ineligible because of her "[c]redit references" and "[c]urrent/previous housing history landlord references."

20. The ineligible recommendation generated by the report is based upon the finding of the sealed, retaliatory eviction case filed by former landlord, Shawheen Guive.

[ 3 ]

21. Southpark Apartments provided Plaintiff with a copy of the report for Plainiff's review and subsequently denied her application for residence at its building.

22. The report provided to Plaintiff by Southpark Apartments showed that a filter was used to exclude all applications by people who have eviction case histories.

23. RP On-Site pulled the eviction case record from LexisNexis' data base.

24. On February 5, 2020, Plaintiff notified RP On-Site and LexisNexis by letter sent via certified mail that she disputed its reporting of the sealed eviction record and requested that they reinvestigate the inaccurate information in the report.

25. Upon information and belief, to date, neither RP On-Site nor LexisNexis have launched an investigation as to accuracy of the report nor responded to Plaintiff.

26. Plaintiff suffered distress as a result of Defendants' failure to correct the rental report to exclude her sealed evictions case, not limited to stress and worry surrounding the fact that Southpark Apartments denied her rental application and housing as a result. Plaintiff further suffered loss of time in relation to her attempts to rectify the report that inaccurately reported her rental and credit history.

COUNT I—VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

27. Plaintiff realleges the paragraphs above as though fully set forth herein.

28. The FCRA, pursuant to 15 U.S.C. § 1681s-2(a)(1)(A), states that "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."

29. The FCRA, pursuant to 15 U.S.C. § 1681s-2(a)(1)(B), states that "[a] person

[ 4 ]

shall not furnish information relating to a consumer to any consumer reporting agency if – (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and (ii) the information is, in fact, inaccurate."

30. Defendants are "person[s]" as defined by 15 U.S.C. § 1681a(b).

31. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

32. Defendants are "consumer reporting agenc[ies]" as defined by 15 U.S.C. § 1681a(f).

33. The term "reasonable cause to believe that the information is inaccurate" is defined in 15 U.S.C. § 1681a(d) as "having specific knowledge, other than solely allegations by the consumer, that would cause a reasonable person to have substantial doubts about the accuracy of the information."

34. The FCRA, pursuant to 15 U.S.C. § 1681i(a)(1)(A) "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency. . . the agency shall . . . conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file . . . before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller."

35. Defendants violated the FCRA by reporting disputed information to credit reporting agencies despite knowledge of Plaintiff's dispute of the information.

36. Defendants further violated the FCRA by failing to respond to Plaintiff's requests to correct the report, which contained information on her sealed eviction record.

37. Defendants failed to launch an investigation as to the accuracy of the report after Plaintiff notified them of the dispute in violation of the FCRA.

38. As a result of Defendant's violations, Plaintiff has suffered from being ineligible for apartment housing; from having an inaccurate or misleading credit report; and from stress, worry, and loss of time and energy.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment as follows:

    **a.** Awarding Plaintiff statutory damages of $1,000 as provided under 15 U.S.C. § 1693m(a)(2)(A);

    **b.** Awarding Plaintiff statutory damages of $1,000 as provided under 15 U.S.C. § 1692k(a)(2)(A);

    **c.** Awarding Plaintiff actual damages as provided under 15 U.S.C. § 1693m(a)(1) and 15 U.S.C. § 1692k(a)(1);

    **d.** Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1693m(a)(3) and 15 U.S.C. § 1692k(a)(3);

    **e.** Awarding Plaintiff the costs of this action; and

    **f.** Awarding any other relief as this Honorable Court deems just and appropriate.

**A TRIAL BY JURY IS DEMANDED.**

Dated:  September 28, 2020

> By:  s/ Jonathan Hilton
>
> Jonathan Hilton (0095742)
> HILTON PARKER LLC
> 10400 Blacklick-Eastern Rd NW, Suite 110
> Pickerington, OH 43147
> Tel: (614) 992-2277
> Fax: (614) 427-5557
> jhilton@hiltonparker.com
>
> Patrick W. Skilliter (0079629)
> Legal Aid Society of Columbus
> 1108 City Park Avenue
> Columbus, OH 43206
> Phone: (614) 737-0140
> Fax: (614) 224-4514
> pskilliter@columbuslegalaid.org
> *Attorney for Plaintiff*